UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/22/2025
```

CHRISTINE LINFANTE-HILL,

                Plaintiff,

-against-

PVH CORP.,

                Defendant.

23 Civ. 191 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Christine Linfante-Hill, brings this action against her former employer, Defendant, PVH Corp. ("PVH"), alleging age discrimination in violation of the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101, *et seq*. *See generally* Compl., ECF No. 1-1. Before the Court is PVH's motion for summary judgment. Mot., ECF No. 75; *see also* Mem., ECF No. 77; Opp., ECF No. 88; Reply, ECF No. 96. For the reasons stated below, the motion is DENIED.

## BACKGROUND[1]

PVH is a "global lifestyle compan[y]" with over 27,000 employees operating in more than forty countries. Pl. 56.1 Statement ("Pl. 56.1") ¶ 1, ECF No. 97. The company owns brands such as Calvin Klein and Tommy Hilfiger. *Id*. As relevant here, Eileen Mahoney was PVH's Chief Information Officer ("CIO"). Def. 56.1 Statement ("Def. 56.1") ¶ 5, ECF No. 88-1. Lisa Kilgallon was Group Vice President of the Global Business Process Management Group ("BPM") and Linfante-Hill's manager. *See id*. ¶¶ 3, 7–8, 10.

---

[1] The facts in this section are taken from the parties' Rule 56.1 statements, unless otherwise noted. Citations to a party's Rule 56.1 statement include the other party's response. When "there are no citations or where the cited materials do not support the factual assertions in the [s]tatements, the Court is free to disregard the assertion." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73–74 (2d Cir. 2001) (alteration adopted) (citation omitted), *abrogated in part on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009). On a motion for summary judgment, the Court reads the facts in the light most favorable to the nonmovant. *Id*. at 69.

In October 2017, PVH hired Linfante-Hill as Vice President of BPM. *Id.* ¶ 3. She was 49 years old when she was hired. *Id.* ¶ 4. For the next five years, Linfante-Hill held various positions in PVH. For example, she was the head of the "implement[ation of] [System Applications and Products ("SAP")] for the Tommy Hilfiger North America Region" (the "Tommy Hilfiger project"), and she also led PVH's "Transformation Enablement unit." *Id.* ¶¶ 11–12.

Linfante-Hill is an "experienced leader skilled in business process improvement and mapping, transformation enablement service, strategic forecasting, training and development, system forecasting, merchandise operations, planning and allocation, system implementation[,] and inventory management." Pl. 56.1 ¶ 7; *see* ECF Nos. 88-6 to -7. During her time at PVH, she received generally positive performance reviews. In 2018, "her overall [performance] grade was 'Exceeds Expectations;'" from 2019 to 2021, "her overall [performance] grade[] [was] 'Successful.'" Pl. 56.1 ¶ 11. Her 2020 performance review states, "[BPM] met/delivered several successful SAP deployments during the course of 2020 and did so despite . . . challenges . . .; which is truly an exceptional . . . accomplishment of which [Linfante-Hill] contributed to." *Id.* ¶ 12. Linfante-Hill was "professional, courteous, hard-working, honest, and always acted in . . . PVH's best interest." *Id.* ¶ 8.

In 2021, Kilgallon began searching "for a person to improve [the] business process management practice." Def. 56.1 ¶ 15. This person would be responsible for, *inter alia*, "leading the implementation of [a] business process management platform to drive efficiencies in . . . working with and delivering modeling and automation capabilities." *Id.* ¶ 24. Kilgallon believed that Linfante-Hill "did not have the business process modeling and optimization

2

experience or certification that the new position required." *Id*. ¶ 26. According to PVH, Linfante-Hill "did not apply for or express interest in the position." *Id*. ¶ 49.

Linfante-Hill tells a different story. She states that when she expressed interest in the position to Kilgallon, Kilgallon told her she "was not needed to interview." Pl. 56.1 ¶¶ 40–41. Linfante-Hill also introduces evidence that she has business process modeling experience from her previous job and from her work at PVH. *Id*. ¶¶ 25–26; *see* ECF No. 88-7 (Linfante-Hill's resume). Indeed, Kilgallon does not dispute that she knew Linfante-Hill had business process modeling experience. Pl. 56.1 ¶ 25. Kilgallon, however, did not inquire into Linfante-Hill's qualifications for the new position, nor did she consider Linfante-Hill for the position. *Id*. ¶¶ 28, 43. In September 2022, Kilgallon hired Ilir Morina for the position. *Id*. ¶ 79; Def. 56.1 ¶¶ 19, 22. Morina was 47 years old when he was hired—seven years younger than Linfante-Hill at the time. Pl. 56.1 ¶ 59.

Around August 2022, PVH began a reduction in force ("RIF") to implement a "new global operating model," lower "costs in its global offices," and "drive efficiencies." Def. 56.1 ¶¶ 30, 33. PVH contends that Mahoney tasked Kilgallon with recommending "individuals for termination [based on] how the employees would fit in [PVH's] new . . . operating model with a focus on driving efficiencies." *Id*. ¶ 43. Kilgallon suggested that Linfante-Hill should be terminated because, in Kilgallon's view, Linfante-Hill's position had become obsolete as a result of PVH's new global operating model. *See id*. ¶¶ 39–40, 42. Mahoney and Kilgallon then decided to fire Linfante-Hill. *Id*. ¶ 40.

On September 28, 2022, Kilgallon notified Linfante-Hill that she would be terminated, and directed her to transition her work to Morina, which Linfante-Hill did. Pl. 56.1 ¶ 80.

Although PVH disputes Linfante-Hill's assertion that Morina replaced her, PVH concedes that Morina ended up assuming at least some of Linfante-Hill's responsibilities. *See id.* ¶¶ 83, 85–95.

On December 29, 2022, Linfante-Hill brought this action in Supreme Court, New York County. *See* Compl. PVH removed the action to this Court. ECF No. 1. Linfante-Hill brings one claim: age discrimination in violation of the NYCHRL. *See generally* Compl. She alleges that she "was terminated because of her age" and "replaced by a significantly younger and less qualified employee," Morina. *Id.* ¶¶ 20, 22. Before the Court is PVH's motion for summary judgment. *See* Mot.; *see also* Mem.; Opp.; Reply.

## DISCUSSION

I.  <u>Legal Standard</u>

Summary judgment is appropriate when the record shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–26 (1986). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict" for the nonmovant. *Anderson*, 477 U.S. at 248.

The movant bears the initial burden of demonstrating the absence of a genuine dispute of material fact by citing specific evidence in the record. Fed. R. Civ. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323; *Koch v. Town of Brattleboro*, 287 F.3d 162, 165 (2d Cir. 2002). If the nonmovant bears the burden of proof at trial, the movant may satisfy its initial burden by demonstrating that the nonmovant cannot produce admissible evidence to support the existence of a triable issue of material fact. *See Celotex*, 477 U.S. at 322–23; *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam). If the movant meets its initial burden, the burden shifts to the nonmovant to establish a genuine dispute of material fact. *See Beard v. Banks*, 548 U.S. 521,

529 (2006); *PepsiCo*, 315 F.3d at 105. "Although a party opposing summary judgment need not prove its evidence in a form admissible at trial or under the evidentiary standard which will be required, it must show facts sufficient to enable a reasonable mind to conclude that a material dispute of fact exists." *Healey v. Chelsea Res. Ltd.*, 736 F. Supp. 488, 491–92 (S.D.N.Y. 1990) (citation omitted); *see Celotex Corp.*, 477 U.S. at 324.

In deciding a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmovant and draws all factual inferences in the nonmovant's favor. *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 129 (2d Cir. 1997).

II. The NYCHRL

As relevant here, the NYCHRL makes it unlawful for an employer to "discriminate against" an employee "in compensation or in terms, conditions[,] or privileges of employment" because of "the actual or perceived age" of such person. N.Y.C. Admin. Code § 8-107(1)(a)(3). Because of its "uniquely broad and remedial purposes," courts "should construe [the] NYCHRL broadly in favor of discrimination plaintiffs." *Taylor v. City of New York*, 207 F. Supp. 3d 293, 304 (S.D.N.Y. 2016) (citations omitted). To succeed on an NYCHRL discrimination claim, "the plaintiff need only show that her employer treated her less well, at least in part for a discriminatory reason." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 n.8 (2d Cir. 2013).

Although the NYCHRL encompasses a more liberal standard of liability than its federal counterpart, courts analyze NYCHRL employment discrimination claims under the Title VII burden-shifting framework set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973). *See Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010) (per curiam); *Mihalik*, 715 F.3d at 110 n.8. Under that framework, "the initial burden is on the

plaintiff to present a prima facie case of discrimination, after which the burden shifts to the defendant to put forth some legitimate, non-discriminatory justification for the challenged action." *Bong Chul Kim v. Bogopa Servs. Corp.*, No. 15 Civ. 2174, 2017 WL 3242253, at *4 (E.D.N.Y. July 28, 2017) (italics omitted).  The burden then shifts back to the plaintiff to demonstrate that the defendant's proffered reason is "pretextual," *id*., or that a discriminatory motive played "at least [some] part" in the employer's decision, *Stryker v. HSBC Sec. (USA)*, No. 16 Civ. 9424, 2020 WL 5127461, at *10 (S.D.N.Y. Aug. 31, 2020).  An employer is entitled to summary judgment on an NYCHRL claim "only if the record establishes as a matter of law that discrimination played *no* role in its actions." *Mihalik*, 715 F.3d at 110 n.8 (alteration adopted) (emphasis in original) (citation omitted).

> A.  Prima Facie Case

To set out a prima facie case of employment discrimination, a plaintiff must show that (1) she "is a member of a protected class;" (2) she "was qualified for the position [s]he held;" (3) she "suffered an adverse employment action;" and (4) "the adverse action took place under circumstances giving rise to the inference of discrimination." *Ruiz v. Cty. of Rockland*, 609 F.3d 486, 491–92 (2d Cir. 2010).  Here, the parties dispute only the fourth element: whether Linfante-Hill's termination "took place under circumstances giving rise to the inference of discrimination" based on her age. *Id*. at 492; *see* Mem. at 9; Opp. at 7.

Generally, a plaintiff can satisfy this fourth prong by demonstrating that a younger employee replaced her. *See Farulla v. N.Y. Sch. Constr. Auth.*, 277 F. Supp. 2d 140, 147 (E.D.N.Y. 2003).  But, in "a [RIF] case or a structural reorganization case, a discharged employee . . . need not show that [s]he was replaced by a younger, newly hired employee." *Montana v. First Fed. Sav. & Loan Assoc.*, 869 F.2d 100, 105 (2d Cir. 1989). "In such cases,

[the plaintiff] may raise an inference of discrimination by alternative means of direct proof of age discrimination, statistical proof, or circumstantial evidence, such as that of a preference for younger employees in the defendant's organization." *Patel v. Lutheran Med. Ctr., Inc.*, No. 88 Civ. 2050, 1991 WL 148507, at *4 (E.D.N.Y. July 17, 1991). The plaintiff "need only show facts giving rise to an inference that her [protected characteristic] played a motivating role in, or contributed to, the employer's decision." *Espinosa v. Weill Cornell Med. Coll.*, No. 18 Civ. 11665, 2021 WL 1062592, at *6 (S.D.N.Y. Mar. 19, 2021) (citation omitted); *see Montana*, 869 F.2d at 105.

"[D]irect evidence of discriminatory intent is rare and such intent often must be inferred from circumstantial evidence." *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 603 (2d Cir. 2006) (citation omitted). "[M]ore often than not," a plaintiff "must depend on the cumulative weight of circumstantial evidence to make out a prima facie case." *Tarshis v. Riese Org.*, 211 F.3d 30, 35–36 (2d Cir. 2000) (italics omitted). "[T]he evidence necessary to satisfy this initial burden [is] minimal." *Zimmerman v. Assocs. First Cap. Corp.*, 251 F.3d 376, 381 (2d Cir. 2001) (citation omitted).

Linfante-Hill argues that she has satisfied the fourth prong of her prima facie case because she was replaced by Morina, a younger employee. *See* Opp. at 8–14. PVH counters that "nothing in the undisputed record supports [Linfante-Hill's] assertion" that Morina replaced her, and contends that Morina and Linfante-Hill "belong to the same protected category." Mem. at 12.

As the nonmoving party, Linfante-Hill is not required to point to undisputed evidence to defeat PVH's summary judgment motion; she need only present enough evidence to place a material fact in dispute. *See CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP*, 735 F.3d 114,

7

123 (2d Cir. 2013). The Court finds that Linfante-Hill has adduced evidence that she was fired under circumstances from which a reasonable jury could draw an inference of discrimination. First, PVH is mistaken that "nothing in the undisputed record" supports Linfante-Hill's claim that Morina replaced her. *Id.* A "plaintiff may demonstrate that [she] was replaced by showing that, after [her] termination, some of [her] former responsibilities were delegated to another employee, in addition to that other employee's own responsibilities." *Marseille v. Mount Sinai Health Sys., Inc.*, No. 18 Civ. 12136, 2021 WL 3475620, at *6 (S.D.N.Y. Aug. 5, 2021) (citation omitted). Here, PVH concedes that, at Kilgallon's direction, Linfante-Hill transitioned all of her work to Morina, and that Morina assumed at least some of Linfante-Hill's responsibilities. *See* Pl. 56.1 ¶¶ 80, 83, 85–95; *see also Grella v. St. Francis Hosp.*, 149 A.D.3d 1046, 1048 (N.Y. App. Div. 2017) (finding a triable issue of fact as to whether the younger employee, "who assumed at least some of [the] plaintiff's former responsibilities, replaced the plaintiff").

     Second, that Morina is only seven years younger than Linfante-Hill and belongs to her protected class does not mean that Linfante-Hill cannot raise an inference of discrimination. "The fact that one person in the protected class has lost out to another person in the protected class is . . . irrelevant, so long as [she] has lost out because of [her] age." *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996) (emphasis omitted); *see also Brennan v. Metro. Opera Ass'n, Inc.*, 192 F.3d 310, 317 (2d Cir. 1999) ("[A] plaintiff does not have to show that [her] replacement was not within the protected class . . . to establish a prima facie case of age discrimination."). Third, the record shows that, as part of the RIF, another employee was fired, and some of his responsibilities were taken up by a new, younger employee. Pl. 56.1 ¶¶ 60–61; *see also Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 204 (2d Cir.

8

1995) ("A finder of fact is permitted to draw an inference of age discrimination from evidence that, in implementing [] a reorganization or reduction, the employer has located new positions for younger, but not older, employees.").

PVH argues that the evidence Linfante-Hill has put forward is insufficient, but her burden at this stage of the analysis is "*de minimis*." *Cronin*, 46 F.3d at 203–04 (citation omitted). Accordingly, considering the "cumulative weight" of her evidence, *Tarshis*, 211 F.3d at 35–36, the Court finds that Linfante-Hill has raised a triable issue of fact as to whether her termination took place under circumstances giving rise to an inference of discrimination.

### B. Legitimate, Non-Discriminatory Reason

Under the *McDonnell Douglas* framework, the burden shifts to PVH to articulate a "legitimate, non-discriminatory reason" for terminating Linfante-Hill. *Bong Chul Kim*, 2017 WL 3242253, at *5. This "burden is one of production, not persuasion; it can involve no credibility assessment." *Farulla*, 277 F. Supp. 2d at 146 (citation omitted). Therefore, the burden is satisfied if PVH's given reason, "taken as true, would permit the conclusion that there was a non[-]discriminatory reason for the adverse action." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993) (emphases omitted).

PVH states that Linfante-Hill was terminated as part of its RIF, which was motivated by economic concerns. Mem. at 14; Def. 56.1 ¶ 32. "A RIF is a legitimate, non[-]discriminatory reason for termination." *Delaney v. Bank of Am. Corp.*, 908 F. Supp. 2d 498, 509 (S.D.N.Y. 2012) (collecting cases); *see Arnow v. Aeroflot Russian Airlines*, 980 F. Supp. 2d 477, 483 (S.D.N.Y. 2013) ("It is well-settled in the Second Circuit that a [RIF] in response to economic and budgetary concerns constitutes a legitimate, non-discriminatory employment action in the context of the *McDonnell Douglas* burden-shifting framework." (alteration adopted)).

Accordingly, PVH has put forward a legitimate, non-discriminatory reason for Linfante-Hill's termination.

### C. Discriminatory Pretext

At the final step of the *McDonnell Douglas* analysis, the burden shifts back to Linfante-Hill to demonstrate that PVH's proffered explanation is a pretext for age discrimination, *see Bong Chul Kim*, 2017 WL 3242253, at *4, or that PVH's "stated reason, although factually accurate, is not the only reason, because [its] decision [is] also attributable to an impermissible consideration," *Bart v. Golub Corp.*, 96 F.4th 566, 577 (2d Cir. 2024). Because intent and state of mind are at issue in the third step of the *McDonnell Douglas* framework, the Second Circuit has "long recognized the need for caution about granting summary judgment to an employer" at this step. *Walsh v. N.Y.C. Housing Auth.*, 828 F.3d 70, 74 (2d Cir. 2016) (citation omitted).

In the RIF context, a plaintiff need not show that the entire RIF is pretextual but rather can defeat summary judgment by raising a triable issue of fact as to whether the "[RIF] at least in her individual case was a pretext for intentional age discrimination." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1226 (2d Cir. 1994). Although this burden "may be carried by the presentation of additional evidence showing that the employer's proffered explanation is unworthy of credence, it may often be carried by reliance on the evidence comprising the prima facie case, without more." *Cronin*, 46 F.3d at 203 (citation omitted).

Linfante-Hill has raised a triable issue of fact as to whether the RIF was a pretext for intentional age discrimination. She has adduced evidence as part of her prima facie case (much of which is undisputed) that she transitioned all of her work to Morina, a younger employee, and that Morina ended up assuming at least some of her responsibilities. Pl. 56.1 ¶¶ 80, 83, 85–95.

10

Additionally, Linfante-Hill has shown that she received positive performance reviews during her time at PVH, and that she had at least some qualifications for the role Morina assumed. *Id*. ¶¶ 11–12, 25–26; ECF No. 88-7.  PVH does not dispute that it did not consider Linfante-Hill for the role, despite her apparent qualifications and experience.  Pl. 56.1 ¶¶ 28, 43.  Drawing all reasonable inferences in the record in favor of Linfante-Hill, the Court finds that a reasonable jury could conclude that PVH's stated reason for terminating her was a pretext for age discrimination. *See, e.g.*, *Montana*, 869 F.2d at 105–06 (finding evidence of pretext when employer did not consider plaintiff for the position); *Wolfe v. Time, Inc.*, 702 F. Supp. 1045, 1048 (S.D.N.Y. 1989) ("[T]he hiring of a younger employee to replace an older employee establishes a prima facie case of age discrimination and is sufficient evidence of pretext to preclude summary judgment."); *see also Gallo*, 22 F.3d at 1224 ("A trial court must be cautious about granting summary judgment to an employer when, as here, its intent is at issue."). Summary judgment in favor of PVH is, therefore, inappropriate.

## CONCLUSION

For the foregoing reasons, PVH's motion for summary judgment, ECF No. 75, is DENIED.

Rule V of the undersigned's Individual Practices in Civil Cases governing pretrial submissions now applies.  By **September 29, 2025**, the parties shall advise the Court whether they wish to hold a settlement conference before the Honorable Sarah Netburn or whether the parties intend to proceed to trial.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 75.

SO ORDERED.

Dated:  September 22, 2025
       New York, New York

_____
ANALISA TORRES
United States District Judge

11